IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE MAYBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: CV-05-773 |
| | ) |
| AMERICAN INTERNATIONAL GROUP, INC;) | |
| AMERICAN GENERAL CORPORATION; | ) |
| AMERICAN GENERAL FINANCE, INC.; | ) |
| AMERICAN GENERAL FINANCIAL | ) |
| SERVICES OF ALABAMA, INC.; MERIT | ) |
| LIFE INSURANCE COMPANY; YOSEMITE | ) |
| INSURANCE COMPANY; BRIAN SCALF; | ) |
| MORGAN FOSTER; and Fictitious Defendants | ) |
| "A", "B", and "C", whether singular or plural, | ) |
| those other persons, corporations, firms, | ) |
| or other entities whose wrongful conduct caused | ) |
| the injuries and damages to the Plaintiff, all of | ) |
| whose true and correct names are unknown to | ) |
| Plaintiff at this time, but will be substituted | ) |
| by amendment when ascertained, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF STEVEN M. DIXON

STATE OF NEW YORK    )
COUNTY OF NEW YORK  )

Before me, the undersigned authority in and for said State and County, personally appeared Steven M. Dixon, who is known to me and who, upon being duly sworn, deposes and states as follows:

1. My name is Steven M. Dixon. I am over the age of twenty-one (21) years and reside in Nassau County, New York. I am employed as Deputy General Counsel of American International Group, Inc. I have personal knowledge of the facts set forth in this affidavit and such facts are true to the best of my knowledge.

2. American International Group, Inc. ("AIG") is a publicly-held corporation duly organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business in New York, New York.

3. AIG is the parent company of various insurance and consumer financial services companies. As the parent company, AIG is the sole shareholder of a number of companies. These operating subsidiary companies are engaged in various insurance and consumer financial services, including retirement annuities, consumer loans, and life insurance. The corporations owned by AIG are, however, separate and distinct corporate entities, each of which has its own officers, board of directors, management personnel, and employees. The operating companies maintain separate books, records, and bank accounts.

4. AIG is the sole shareholder and parent company of American General Corporation ("AGC"), a holding company. AGC wholly owns American General Finance, Inc. ("AGF") which, in turn, is the sole shareholder of American General Finance Corporation ("AGFC") and Defendant American General Financial Services of Alabama, Inc. ("AGFSA"). AGFC is the immediate parent company for named defendants Merit Life Insurance Company ("Merit Life") and Yosemite Insurance Company ("Yosemite"). AGFSA is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business in Evansville, Indiana. Merit Life and Yosemite are corporations organized and existing under the laws of the State of Indiana, with their principal places of business in Evansville, Indiana. AIG does not use the separate corporate existence of AGC or any of its subsidiaries as the alter ego of AIG, or for any illegal purpose, or as a sham to perpetrate a fraud.

5. AIG is not involved in the day-to-day operations of its various subsidiaries or the other corporate entities owned by those subsidiaries.

6. AIG has never transacted or conducted business in Alabama.

7. AIG has never been qualified or licensed to do business in Alabama.

8. AIG has never had an office, street address, mailing address, telephone listing, or bank account in Alabama.

9. AIG has never had any permanent employees, officers, servants, or agents located in Alabama, nor has it ever sent any of its employees, officers, servants, or agents to Alabama to provide services to consumers.

10. AIG has never had a registered agent authorized to accept service of process in Alabama.

11. AIG does not have an interest in, use, or possess any real or personal property or any other asset located in Alabama.

12. AIG is not in the business of selling insurance and has never contracted to insure any person, property, or risk located in Alabama.

13. AIG has never caused tortious injury or damage by an act or omission in Alabama.

14. AIG has never sold any products in Alabama.

15. AIG has never performed any services in Alabama.

16. AIG has never conducted business with consumers in Alabama.

17. AIG has never issued a policy of insurance to or entered into a contractual agreement or financial transaction with Stephanie Mayberry.

18. AIG has never received a premium payment or any other revenue from or on behalf of Stephanie Mayberry.

19. Brian Scalf and Morgan Foster, defendants in this civil action, are not employees of AIG and are not associated with AIG in any manner.

_____
STEVEN M. DIXON

SWORN TO and SUBSCRIBED before me on this the 25th day of August, 2005.

_____
Notary Public

My Commission Expires: 9/29/05

DAVID A. LEVIN
Notary Public, New York State
No. 02LE5085829
Qualified in New York County
Commission Expires 9/29/05