IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE MAYBERRY,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | CIVIL ACTION NO.: CV-05-773 |
| ) | |
| AMERICAN INTERNATIONAL GROUP, INC;) | |
| AMERICAN GENERAL CORPORATION;   ) | |
| AMERICAN GENERAL FINANCE, INC.;   ) | |
| AMERICAN GENERAL FINANCIAL   ) | |
| SERVICES OF ALABAMA, INC.; MERIT   ) | |
| LIFE INSURANCE COMPANY;  YOSEMITE ) | |
| INSURANCE COMPANY; BRIAN SCALF;   ) | |
| MORGAN FOSTER; and Fictitious Defendants ) | |
| "A", "B", and "C", whether singular or plural, ) | |
| those other persons, corporations, firms,   ) | |
| or other entities whose wrongful conduct caused ) | |
| the injuries and damages to the Plaintiff, all of   ) | |
| whose true and correct names are unknown to   ) | |
| Plaintiff at this time, but will be substituted   ) | |
| by amendment when ascertained,   ) | |
| ) | |
| Defendants,   ) | |

### AFFIDAVIT OF LINDA SANCHEZ

STATE OF TEXAS     )
COUNTY OF HARRIS  )

Before me, the undersigned authority in and for said State and County, personally appeared Linda Sanchez, who is known to me and who, upon being duly sworn, deposes and states as follows:

1.    My name is Linda Sanchez.  I am over the age of twenty-one (21) years and reside in Harris County, Texas.  I am employed as Deputy General Counsel of American General Corporation.  I have personal knowledge of the facts set forth in this affidavit and such facts are true to the best of my knowledge.

2. American General Corporation ("AGC") is a wholly-owned subsidiary of American International Group ("AIG") that is duly organized and existing under and by virtue of the laws of the State of Texas with its principal place of business in Houston, Texas.

3. AGC is engaged in business as a holding company of various insurance and consumer financial services companies. As a holding company, AGC is the sole shareholder and parent company of a number of companies. These operating subsidiary companies are engaged in various insurance and consumer financial services, including retirement annuities, consumer loans, and life insurance. The corporations owned by AGC are, however, separate and distinct corporate entities, each of which has its own officers, directors, management personnel, and employees. The operating companies maintain separate books, records, and bank accounts.

4. AGC is the sole shareholder and parent company of American General Finance, Inc. ("AGF") which, in turn, is the sole shareholder of American General Finance Corporation ("AGFC") and Defendant American General Financial Services of Alabama, Inc. ("AGFSA"). AGFC is the immediate parent company for named defendants Merit Life Insurance Company ("Merit Life") and Yosemite Insurance Company ("Yosemite"). AGFSA is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business in Evansville, Indiana. Merit Life and Yosemite are corporations organized and existing under the laws of the State of Indiana, with their principal places of business in Evansville, Indiana. AGC does not use the separate corporate existence of AGF or any of its subsidiaries as the alter ego of AGC, or for any illegal purpose, or as a sham to perpetrate a fraud.

5. AGC is not involved in the day-to-day operations of its various subsidiaries or the other corporate entities owned by those subsidiaries.

6. AGC has never transacted, conducted, or solicited business in Alabama.

7. AGC has never been qualified or licensed to do business in Alabama.

8. AGC has never had an office, street address, mailing address, telephone listing, or bank account in Alabama.

9. AGC has never had any employees, officers, servants, or agents in Alabama, nor has it ever sent any of its employees, officers, servants, or agents to Alabama to provide services to consumers.

10. AGC does not have an interest in, use, or possess any real or personal property or any other asset located in Alabama.

11. AGC is not in the business of selling insurance and has never contracted to insure any person, property, or risk located in Alabama.

12. AGC has never caused tortious injury or damage by an act or omission in Alabama.

13. AGC has never sold any products in Alabama.

14. AGC has never performed any services in Alabama.

15. AGC has never engaged in any conduct, either persistent or occasional, with consumers in Alabama.

16. AGC has never issued a policy of insurance to or entered into a contractual agreement or financial transaction with Stephanie Mayberry.

17. AGC has never received a premium payment or any other revenue from or on behalf of Stephanie Mayberry.

18. Brian Scalf and Morgan Foster, defendants in this civil action, are not employees of AGC and are not associated with AGC in any manner.

_____
Linda Sanchez

SWORN TO and SUBSCRIBED before me on this the 25th day of August, 2005.

_____
Notary Public

My Commission Expires: 12-27-2005

April C. Dickson
Notary Public, State of Texas
My Commission Expires
December 27, 2007