IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN GUILFORD, JR.,           )
                              )
          Plaintiff,          )
                              )
v.                            )     CIVIL ACTION NO. 2:03cv1162-A
                              )
                              )
CITIGROUP INC., et al.        )
                              )
          Defendants          )

## ORDER

This cause is before the court on a Motion to Remand (Doc # 4), filed by the Plaintiff,

John Guilford, Jr ("Guilford"). In removing this case and opposing the Motion to Remand, the

Defendants argue that the non-diverse Defendant, Mae Gordon, has been fraudulently joined

because the claims against her are barred by the statute of limitations. As to the fraud claim

against Gordon, the Defendants argue that the Plaintiff received loan documents which

contradict the alleged oral misrepresentations over two years before he filed this lawsuit and that

those documents provide the information that the non-diverse Defendant allegedly suppressed.

Therefore, the Defendants argue that the Plaintiff's fraud claim is barred by the two year statute

of limitations for fraud, see Ala. Code § 6-2-38(l), and thus, the non-diverse Defendant has been

fraudulently joined.

The court has examined these loan documents and finds that the documents do not

directly contradict the Plaintiff's allegations to the extent that there is no possibility that the state

court could find that the fraud claim is not barred by the statute of limitations. Therefore, the

court holds that the Plaintiff has not fraudulently joined the non-diverse Defendant, and thus this



court does not have subject matter jurisdiction over the case.  Consequently, the Plaintiff's

Motion to Remand is GRANTED, and this case hereby ORDERED REMANDED to the Circuit

Court of Barbour County, Alabama  The clerk is DIRECTED to take the necessary steps to

effect the remand.

DONE this 14th day of June, 2004

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

2

FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION FEB 1 2 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

JACQUELINE COX,                    )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    CIVIL ACTION NO. 03-T-1253-E
                                   )
FIRST FAMILY FINANCIAL SERVICES,   )
INC., et al.,                      )
                                   )
        Defendants.                )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. First, the court agrees with plaintiff that there has not been fraudulent joinder of any resident defendant (that is, plaintiff has colorable claims against such a defendant), Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second, the court agrees with plaintiff that there has not been fraudulent misjoinder of any resident defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996); see also Wright v. Metropolitan Life Ins. Co., 74 F. Supp 2d 1150 (M.D. Ala.

EOD   2/12/04

EXHIBIT
B

1999) (Thompson, J.) (the fact that the plaintiff asserted the same claims against both the resident and non-resident defendants suggested that the plaintiff may not have sought to join the resident defendant with the specific intent to defeat removal jurisdiction).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand, filed on January 15, 2004 (Doc. No. 5), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Macon County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the __12TH__ day of February, 2004.

```
                              _____
                                   MYRON H. THOMPSON
                              UNITED STATES DISTRICT JUDGE
```

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLINTON AND MOZELL MOORE,          )
                                    )
        PLAINTIFFS,                 )
                                    )
v.                                  )    CASE NO.  2:03-cv-1254-F
                                    )
FIRST FAMILY FINANCIAL SERVICES,    )
INC., *et al.*,                     )
                                    )
        DEFENDANTS.                 )

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand (Doc. # 4) filed by Plaintiffs

on January 15, 2004.  This lawsuit was originally filed in the Circuit Court of Bullock

County, Alabama. Arguing that Plaintiffs had fraudulently joined Defendant Joana Tew

(hereinafter "Tew"), an Alabama resident, Defendants removed the action from state to

federal court. Plaintiffs seek remand of this action contending that Tew was not fraudulently

joined.[1]  For the reasons set forth in this Memorandum Opinion and Order, the Court finds

that the Motion to Remand is due to be GRANTED because Tew was not fraudulently

joined.

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life

Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095

---

[1] Plaintiffs raised two other arguments in their motion to remand, but because of this Court's findings on the fraudulent joinder issue, the Court need not and does not reach these alternative grounds for the motion to remand.


EXHIBIT
C

(11th Cir.1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir.1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. See *Burns*, 31 F.3d at 1095.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing that this a court has subject matter jurisdiction over an action. See *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Defendants argue that removal was proper because the Court has jurisdiction over this case due to diversity of citizenship. The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. See 28 U.S.C. § 1332(a)(1). According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. See *Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 292 F.3d 1334, 1337 (11th Cir.2002).

From the Complaint it appears that there is not complete diversity of citizenship in this case because Tew and Plaintiffs are all residents of Alabama. Defendants argue that, due to

2

the fraudulent joinder, the Court should disregard Tew's residency for purposes of diversity jurisdiction and conclude that complete diversity between the parties exists. *See, e.g., Owens v. Life Ins. Co. of Ga.*, 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1247 (M.D. Ala. 2001) (("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship."). Thus, in order to determine whether complete diversity exists in this case, the Court must address the issue of fraudulent joinder.

As the United States Supreme Court has long recognized, a defendant's "right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant[2] . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts . . . [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claims against the diverse defendant has no real connection to the claim against the nondiverse

---

[2] "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 911th Cir. 1998) (emphasis in original).

3

defendant."

*Triggs*, 154 F.3d at 1287. A removing defendant bears the burden of proving fraudulent

joinder. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

This burden on the defendant is a heavy one. It requires the court to evaluate the parties'

factual allegations in the light most favorable to the plaintiff and resolve all uncertainties

about state substantive law in favor of the plaintiff. *See id.* If there is a possibility that a

state court would find that the complaint states a cause of action against any one of the

resident defendants, the federal court must find that the joinder is proper and remand the case

to the state court. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).[3] In

other words, a motion to remand should be denied only if the court is convinced that there

is "no possibility that the plaintiff can establish *any* cause of action against the resident

defendant." *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553,1561 (11th Cir. 1989).

Defendants assert only the first type of fraudulent joinder. Specifically, they argue

that there is no possibility that Plaintiff can establish a cause of action against Tew. The

Court has carefully reviewed the claims against Tew and the arguments of the parties, and

---

[3] It is important to note that the Court should determine its jurisdiction over the case
"based upon the plaintiff's pleadings at the time of removal," *Coker*, 709 F.2d 1433, 1440
(11th Cir. 1983), supplemented by any affidavits or deposition transcripts filed by the parties.
"While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to
that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' the
jurisdictional inquiry 'must not subsume substantive determination'. . . When considering
a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond
determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d
1536, 1538 (11th Cir. 1997) (citations omitted).

4

it must conclude that in this case there is a possibility that the Plaintiffs can establish at least one of their causes of action against Tew. Accordingly, this Court must find that the joinder is proper and remand the case to the Circuit Court of Bullock County, Alabama.

It is hereby ORDERED as follows:

(1)    Plaintiffs' Motion to Remand (Doc. # 4) is GRANTED.

(2)    This case is REMANDED to the Circuit Court of Bullock County, Alabama.

(3)    The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this the 24th day of September, 2004.


_____ /s/ Mark E. Fuller _____
CHIEF UNITED STATES DISTRICT JUDGE

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLARA TOLBERT,                          )
                                        )
        PLAINTIFF,                      )
                                        )
v.                                      )    CASE NO. 2:04-cv-107-F
                                        )
FIRST FAMILY FINANCIAL SERVICES,        )
INC., *et al.*,                         )
                                        )
        DEFENDANTS.                     )

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand (Doc. # 6) filed by Plaintiff on April 1, 2004. This lawsuit was originally filed in the Circuit Court of Bullock County, Alabama. Arguing that Plaintiff had fraudulently joined Defendant Jennifer Hyde (hereinafter "Hyde"), an Alabama resident, Defendants removed the action from state to federal court. Plaintiff seeks remand of this action contending that Hyde was not fraudulently joined.[1] For the reasons set forth in this Memorandum Opinion and Order, the Court finds that the Motion to Remand is due to be GRANTED because Hyde was not fraudulently joined.

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th

---

[1] Plaintiff raised two other arguments in their motion to remand, but because of this Court's findings on the fraudulent joinder issue, the Court need not and does not reach these alternative grounds for the motion to remand.



Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. See *Burns*, 31 F.3d at 1095.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing that this a court has subject matter jurisdiction over an action. See *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Defendants argue that removal was proper because the Court has jurisdiction over this case due to diversity of citizenship. The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. See 28 U.S.C. § 1332(a)(1). According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. See *Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 292 F.3d 1334, 1337 (11th Cir.2002).

From the Complaint it appears that there is not complete diversity of citizenship in this case because Hyde and Plaintiff are both residents of Alabama. Defendants argue that, due to the fraudulent joinder, the Court should disregard Hyde's residency for purposes of

2

diversity jurisdiction and conclude that complete diversity between the parties exists. *See,* *e.g., Owens v. Life Ins. Co. of Ga.,* 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003); *Bullock* *v. United Benefit Ins. Co.,* 165 F. Supp. 2d 1255, 1247 (M.D. Ala. 2001) (("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship."). Thus, in order to determine whether complete diversity exists in this case, the Court must address the issue of fraudulent joinder.

As the United States Supreme Court has long recognized, a defendant's "right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.,* 257 U S. 92, 97 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant[2] . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts . . . [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claims against the diverse defendant has no real connection to the claim against the nondiverse defendant.

---

[2] "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 911th Cir. 1998) (emphasis in original).

*Triggs*, 154 F.3d at 1287. A removing defendant bears the burden of proving fraudulent joinder. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). This burden on the defendant is a heavy one. It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *See id.* If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).[3] In other words, a motion to remand should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant." *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553,1561 (11th Cir. 1989).

Defendants assert only the first type of fraudulent joinder. Specifically, they argue that there is no possibility that Plaintiff can establish a cause of action against Hyde. The Court has carefully reviewed the claims against Hyde and the arguments of the parties, and it must conclude that in this case there is a possibility that the Plaintiff can establish at least

---

[3] It is important to note that the Court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker*, 709 F.2d 1433, 1440 (11th Cir. 1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination'. . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

4

one of her causes of action against Hyde. Accordingly, this Court must find that the joinder is proper and remand the case to the Circuit Court of Bullock County, Alabama.

It is hereby ORDERED as follows:

(1)    Plaintiff's Motion to Remand (Doc. # 6) is GRANTED.

(2)    This case is REMANDED to the Circuit Court of Bullock County, Alabama.

(3)    The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this the 5th day of November, 2004.


_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE

5



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:03CV-179-R

HOWARD & JANETTE HARPOOL                                   PLAINTIFFS

v.

KENTUCKY FINANCE COMPANY, INC., ET AL.                    DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Plaintiffs' Motion to Remand (Dkt. # 9). Defendants have responded (Dkt. # 12) and Plaintiff has replied to Defendants' Response (Dkt. # 13). For the reasons that follow, Plaintiffs' motion (Dkt. # 9) is **GRANTED**.

## BACKGROUND

Plaintiffs Howard and Janette Harpool filed suit against Defendants Kentucky Finance Company, Inc., First Family Financial Services, Inc., Associates Corporation of North America, Associates First Capital Corporation, Citigroup, Inc., Citifinancial, Inc., and Melinda Qualls on September 12, 2003 in Warren County Circuit Court alleging breach of fiduciary duties, breach of implied covenants of good faith and fair dealing, negligent and fraudulent misrepresentation and omission, and civil conspiracy arising from selling the Plaintiffs credit insurance (Dkt. # 2). Defendants removed this case on October 16, 2003, pursuant to 28 U.S.C. § 1441 alleging diversity jurisdiction under 28 U.S.C. § 1332 (Id.). Plaintiffs filed a motion to remand on December 11, 2003 (Dkt. # 9).

## STANDARD

A party seeking to remove an action to federal court bears the burden of showing that the

1



federal court would have had original jurisdiction over the case had it been initially filed in federal court. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Specifically, a party seeking removal must establish by a preponderance of the evidence that the amount in controversy requirement – currently "$75,000, exclusive of interest and costs," 28 U.S.C. § 1332 – has been met. *Hayes*, 266 F.3d at 572. In addition, the controversy must be between citizens of different states. 28 U.S.C. § 1332. Because federal courts are of limited subject matter jurisdiction, the notice of removal is to be strictly construed with all doubts resolved against removal. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994); *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

### DISCUSSION

Plaintiffs argue in their Motion to Remand and Reply that Defendant Qualls is a citizen of Kentucky (Dkt. Nos. 9 & 13). Therefore, this Court would not have diversity jurisdiction since this matter is not between residents of different states. See 28 U.S.C. § 1332. However, Defendants argue that Defendant Qualls has been fraudulently joined because the claims against her are barred by the statute of limitations and the Plaintiffs have no claim against her (Dkt. # 12).

The burden of proving fraudulent joinder is on the removing defendant. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)(citing *Alexander*, 13 F.3d at 949).

> To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *See Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. [This Court] must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party." *Id.* All doubts as to the propriety of removal are resolved in favor of remand. *See id.*

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

A court analyzing fraudulent joinder in a removed case must look to the appropriate state law to determine whether or not a "colorable" claim exists against the allegedly fraudulently joined party. *See Jerome-Duncan*, 176 F.3d at 907 (citing *Alexander*, 13 F.3d at 949). In doing so, the court "may look beyond the bare allegations of the complaint and conduct a more searching inquiry." *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F. Supp. 2d 694, 697 (W.D. Ky. 2000) (citing *Carriere v. Sears, Roebuck and Co.*, 893 F. 2d 98, 100 (5th Cir. 1990)).

Actions for fraud must be commenced within five years. Ky. Rev. Stat. § 413.120 (12). However, the five years can be extended to ten years if the fraud is not discovered within five years. Ky. Rev. Stat. § 413.130 (3). Also, the fraud must not have been discoverable with the exercise of reasonable diligence or ordinary care. *Shelton v. Clifton*, 746 S.W.2d 414, 415 (Ky. Ct. App. 1988). However, an exception to this rule exists for persons who are in a confidential relationship. *Id.* Persons who are in a confidential relationship have a more lenient actual discovery rule where it does not matter whether they should have discovered the fraud before then. *Id.*

The Defendants contend that Plaintiffs were in an ordinary relationship with Defendant Qualls and should have discovered the alleged fraud from the insurance documents (Dkt. # ). Plaintiffs contend that they were in a confidential or fiduciary relationship with Defendant Qualls because she was both their loan officer and insurance agent. *Morton v. Bank of the Bluegrass and Trust Co.*, 18 S.W.3d 353, 359 (1999). "A fiduciary relationship is one founded on trust or confidence reposed by one person in the integrity and fidelity of another and which also necessarily involves an undertaking in which a duty is created in one person to act primarily for another's benefit in matters connected with such undertaking. *Id.* In *Morton*, like in this case, the loan officer for the

bank also sold the Plaintiffs credit insurance. *Id* . The Kentucky Court of Appeals held that the bank's loan officer had a fiduciary duty to disclose "material facts affecting the loan transaction such as eligibility for credit life insurance." *Id.*

For Plaintiffs' Motion to Remand to be granted, the Plaintiffs must show that they have a colorable claim against Defendant Qualls for fraud. *See Jerome-Duncan*, 176 F.3d at 907 (citing *Alexander*, 13 F.3d at 949). The elements for fraud by misrepresentation are "the defendant a) made a material representation; b) which was false; c) which was known to be false or made recklessly; d) which was made with inducement to be acted upon; e) which plaintiff acted in reliance upon; and f) which caused plaintiff injury." *Rivermont Inn, Inc. v. Bass Hotels Resorts, Inc.*, 113 S.W.3d 636, 640 (Ky. Ct. App. 2003). The elements for fraud by omission are "that the defendants had a duty to disclose that fact; b) that defendants failed to disclose that fact; c) that the defendants' failure to disclose the material fact induced the plaintiff to act; and d) that the plaintiff suffered actual damages." *Id.* at 641. Further, "[a] duty to disclose facts is created only where a confidential or fiduciary relationship between the parties exists, or when a statute imposes such a duty, or when a defendant has partially disclosed material facts to the plaintiff but created the impression of full disclosure." *Id.* Plaintiffs allege the following misrepresentations or omissions by the Defendants:

> (1) representing that the purchase of insurance would increase Plaintiffs' likelihood of obtaining or being approved for a loan; (2) concealing the fact that the insurance was inadequate or unnecessary; (3) concealing the fact that Defendants charged exorbitant premiums; (4) concealing the fact that Plaintiffs could purchase insurance from another source; (5) misrepresenting and concealing the fact that credit property insurance was unnecessary if Plaintiffs possessed homeowner's insurance and (6) concealing the Defendants' use of the "Rule of 78" to calculate interest.

(Dkt. # 13). Defendants argue that all of the alleged misrepresentations or omissions were covered by the loan documents (Dkt. # 12). While the loan documents may have explicitly stated that credit

insurance is not required to get a loan, telling the Plaintiffs that purchasing insurance would increase the likelihood of their getting a loan seems to be a different matter and not covered by the loan documents.

As stated earlier, the notice of removal is to be strictly construed with all doubts resolved against removal. At issue is whether a colorable claim exists against the alleged fraudulently joined parties. While the court may conduct some searching inquiry, the issue should not turn on a full blown discovery quest. At this point, there are allegations of facts sufficient to present a colorable claim against Qualls. Likewise, there may be factual disputes as to the amount in controversy. The issues can be resolved in state court, and if Qualls is dismissed after further discovery, removal could still be available.

This Court GRANTS Plaintiffs' Motion to Remand.

This is the _10_ day of February, 2004.

Thomas B. Russell, Judge
United States District Court

ᵴₗcc:     Counsel

ENTERED
3/11/04
JEFFREY A. APPERSON, CLERK
BY
DEPUTY CLERK

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:03CV-179-R

HOWARD & JANETTE HARPOOL                                    PLAINTIFFS

v.

KENTUCKY FINANCE COMPANY, INC., ET AL.                     DEFENDANTS

## ORDER

Upon Plaintiffs' Motion to Remand to State Court (Dkt. # 9), Defendants' response (Dkt. #

12), Plaintiffs' reply (Dkt. # 13), and the Court being sufficiently advised,

IT IS ORDERED:

Plaintiffs' motion to remand (Dkt. # 9) is GRANTED.

This is the _10_ day of February, 2004.

Thomas B. Russell, Judge
United States District Court

cc:    Counsel

1

[ F I L E D ]

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FEB - 8 2002

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

ROBERT T. BENNETT AND )
ROSEMARY BENNETT, )
)
        Plaintiffs, )
)
v. )        CIVIL ACTION 02-D-120-N
)
AMERICAN MEDICAL SECURITY, )
et al., )
)
        Defendants. )

## O R D E R

Defendants have removed the present action from the Circuit
Court of Barbour County, Alabama. (Doc. No. 1.) In instances
such as these, "the burden of proving jurisdiction lies with the
removing defendant." Williams v. Best Buy Co., Inc., 269 F.3d
1316, 1319 (11th Cir. 2001). In support of their contention that
jurisdiction is proper pursuant to 28 U.S.C. § 1332, Defendants'
Notice of Removal argues to great length that one of their own
has been fraudulently joined; but for this Alabama citizen,
complete diversity of citizenship would be found. (Doc. No. 1.)
However, "[w]here, as here, the plaintiff has not pled a specific
amount of damages, the removing defendant must prove by a
preponderance of the evidence that the amount in controversy
exceeds the jurisdictional requirement" of $75,000. Williams,
269 F.3d at 1319. Defendants have merely offered a blanket
assertion in a footnote that they have satisfied their "heavy"

OD    2/8/00



EXHIBIT
F

burden. <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997).

The Eleventh Circuit has explicitly held that a "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." <u>Williams</u>, 269 F.3d at 1319-20.  As such, the court concludes that it lacks jurisdiction over the present matter.[1]

Accordingly, it is CONSIDERED and ORDERED that this action be and the same is hereby REMANDED to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C. § 1447(c).

The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

DONE this 8th of February, 2002.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Although the <u>Williams</u> court held that "a district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal," this was permissive rather than mandatory language. The court does not believe that considerations of judicial economy favor a "shoot first, ask questions later" policy by which unsupported assertions in the Notice of Removal can provide the basis for subsequent satellite proceedings surrounding the court's limited jurisdiction over state concerns. Therefore, the remand of the present matter is appropriate at this juncture.

2

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

FILED

RONNIE REGISTER and          )
JUDY REGISTER d/b/a          )          MAR 2 6 2002
LAKESIDE OIL COMPANY,        )
                             )          CLERK
    Plaintiffs,              )          U.S. DISTRICT COURT
                             )          MIDDLE DIST. OF ALA
    v.                       )          CIVIL ACTION NO. 01-T-858-E
                             )
RUS OF AUBURN and            )
OMNI SERVICES, INC.,         )
                             )
    Defendants.              )

ORDER

Pursuant to an order of this court entered on March 13,

2002, a hearing was held on the issue of whether federal

subject-matter jurisdiction properly exists over this case.

Taking due consideration of the insights offered by the

parties in their briefs and at oral argument, the court is

convinced that remand is the appropriate course of action.


I.


Defendants removed this case from state court on the

alleged basis of diversity jurisdiction. 28 U.S.C.A. § 1332.

A removing defendant bears the burden of proving proper

federal jurisdiction, Leonard v. Enterprise Rent-a-Car, 279

84

EOD  3/26/02

EXHIBIT
G

F.3d 967, 972 (11th Cir. 2002), and "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001). When proper jurisdiction is a close question, "uncertainties are resolved in favor of remand," Burns v. Windson Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); cf. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 67, 107 S.Ct. 1542, 1548 (1987) (Brennan, J., concurring) ("the prudent course for a federal court that does not find clear congressional intent to create removal jurisdiction will be to remand to state court") (emphasis in original).

Diversity jurisdiction, of course, exists where the suit is between citizens of different States and the amount in controversy exceeds the statutorily prescribed amount, in this case, $ 75,000. 28 U.S.C.A. § 1332. There is no dispute that the parties to this lawsuit are of diverse citizenship. It is much more unclear whether the amount-in-controversy has been or can be met. However, to justify a remand to state court, "It must appear to a legal certainty that the claim is really

2

less than the jurisdictional amount." <u>St. Paul Mercury</u>
<u>Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 288-89, 58 S.Ct.
586, 590 (1938).

## II.

Plaintiffs filed a complaint in an Alabama state court,
alleging that an "Ecological Fee" of $ 5 and sales taxes on
that fee were wrongfully charged to them by defendants every
week for approximately seven years under a contract for the
delivery of uniforms and supplies. The complaint, containing
claims of breach of contract, fraud, and unjust enrichment,
demanded compensatory damages not in excess of $ 74,500.
Defendants removed the case to this federal court, contending
that "despite plaintiffs' assertions, the amount in
controversy exceeds $ 75,000." Plaintiffs agreed to the
removal, and amended their complaint to assert an entitlement
to recovery in excess of $ 75,000 and to demand punitive
damages. They also bring similar claims based on a class of
customers affected by defendants' practices.[1]

---

1.    The class claims cannot serve as a predicate for the
amount in controversy requirement: plaintiffs do not assert
                                                  (continued...)

3

The parties now agree that, based on the claims of plaintiffs at the time of removal, federal jurisdiction was not proper.    At that time, plaintiffs demanded only compensatory damages, and, even under a healthy view of their allegations, their compensatory damages would not have exceeded $ 2,000. However, both plaintiffs and defendants now argue that the amended complaint filed by plaintiffs, which adds a demand for punitive damages, meets the $ 75,000 amount-in-controversy requirement for diversity jurisdiction, and, therefore, cures the jurisdictional defect.

It is clear that a jurisdictional defect, if later cured, is not an appropriate basis for remand. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 76-77, 117 S.Ct. 467, 476-77 (1996). However, if the amended complaint in fact does not succeed in curing the jurisdictional defect, that is, that even as alternatively pled the amount-in-controversy requirement has not been met, then federal subject-matter jurisdiction still does not exist over the lawsuit.

---

1.    (...continued)
punitive damage claims on behalf of the class members, and no class member has been shown to have more than $ 75,000 in compensatory damages.

4

The parties rest on the new punitive-damages claim to establish a possibility of establishing an amount in controversy exceeding $ 75,000. Given the small potential for compensatory damages, which will not exceed $ 2,000, the jurisdictional amount will largely be met by the specter of an relatively enormous punitive-damages award: an amount of punitives about 36-37 times the compensatory damages.

III.

The due process clause of the fourteenth amendment prohibits States from imposing punishment on a tortfeasor in the form of a judgment that includes a "grossly excessive" punitive-damages award. TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443, 454, 113 S.Ct. 2711, 2718 (1993). The Supreme Court, in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589 (1996), recently re-explored the due-process implications of excessive punitive-damages awards. Using the methodology refined by Gore, it is apparent that a punitive-damages award in this case of $ 73,000, or 36-37 times the compensatory damages, would contravene due process protections.

5

According to the <u>Gore</u> Court, there are three "guideposts" in determining whether a given punitive-damages award would be excessive: (1) the degree of reprehensibility of the defendant's conduct; (2) the disparity between the harm or potential harm suffered by the plaintiff and the punitive-damages award; and (3) the difference between appropriate or comparable civil penalties for the defendant's conduct, both in the form of criminal sanctions and other jury awards, and the punitive-damages award.  517 U.S. at 574-75, 116 S.Ct. at 1598-99.

### Degree of Reprehensibility

Some types of conduct are more reprehensible than others, and therefore more deserving of a substantial punitive-damages award.  <u>Gore</u>, 517 U.S. at 575, 116 S.Ct. at 1599.  For example, negligent conduct is less reprehensible than intentional misconduct, and infliction of economic harm is less reprehensible than infliction of physical harm.  <u>Id</u>. at 576; 116 S.Ct. at 1399.  A pattern of misconduct is more reprehensible than individual acts of wrongdoing.  <u>Id</u>. at 576-77, 116 S.Ct. at 1599-1600.

6

The conduct in this case, as alleged, is a multi-year pattern of fraud in concealing the true nature of charges to customers' accounts. The intentional nature of the wrongful acts, as well as the allegation of a continuing pattern of fraud, properly increases the constitutional limits on punitive damages. However, the nature of the harm in this case is purely economic, and very slight economic harm at that. Although "infliction of economic injury, especially when done intentionally through affirmative acts of misconduct ... or when the target is financially vulnerable, can warrant a substantial penalty," id. at 576, 116 S.Ct. at 1599, at the rate of $ 5 per week, the harm inflicted in this case, involving non-vulnerable arms-length businessmen, cannot justify a large punitive-damages award.

Ratio

Punitive damages must bear a reasonable relationship to the actual or potential harm likely to result from the defendant's conduct. Gore, 517 U.S. at 581, 116 S.Ct. at 1602. The "reasonable relationship" inquiry is most commonly

7

expressed by examining the ratio between the awarded damages types. Id. at 580, 116 S.Ct. at 1601.

The parties to this case insist that a ratio of 36 to 1 of punitive damages to compensatory damages would not offend constitutional due-process sensibilities. Based on relevant Supreme Court decisions on the issue, that proposition seems unlikely. In Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 23-24, 111 S.Ct. 1032, 1046 (1991), the Supreme Court noted that a punitive-damages award of four times the compensatory damages may have approached an unconstitutional ratio, although, ultimately, the Court found that it did not, in that case, "cross the line into the area of constitutional impropriety." The Haslip case involved acts of affirmative misconduct, specifically, withholding the payment of insurance premiums which led to lack of coverage for a sick insured, 499 U.S. at 5-6, 111 S.Ct. at 1036-37, which, under Gore, was specifically identified as a factor that would have increased the potential for constitutional punitive damages. 517 U.S. at 579, 116 S.Ct. at 1601. Yet the Haslip Court still expressed some concern that a 4:1 ratio approached constitutional limits.

8

However, the Court has consistently disclaimed the use of a strict mathematical ratio in making the excessiveness inquiry. See, e.g., Gore, 517 U.S. at 582, 116 S.Ct. at 1602. According to the Gore Court, "low awards of compensatory damages may properly support a higher ratio than high compensatory awards, if, for example, a particularly egregious act has resulted in only a small amount of economic damages. A higher ratio may also be justified in cases in which the injury is hard to detect or the monetary value of noneconomic harm might have been difficult to determine." Id. In addition, the ratio may be substantially higher if there is potential or likely harm from the defendant's conduct that is not adequately captured by the compensatory damages award. TXO v. Production Corp. v. Alliance Resources Corp., 509 U.S. 443, 460, 113 S.Ct. 2711, 2721 (1993).

In this case, there is no particularly egregious conduct that would justify bumping the acceptable ratio to a higher level. There is also no potential or likely harm in this case above the claimed compensatory damages: plaintiffs, now aware of the practice of charging "Ecological Fees" on their

9

account, have opted out of the contractual relationship and
have discontinued their business with defendants.

The 36:1 or 37:1 ratio certainly seems high. This factor
weighs toward finding that any such award would contravene
due-process protections. In this vein, most instructive, but
not quite on point, is the recent Eleventh Circuit decision in
Smith v. GTE Corp., 236 F.3d 1292 (11th Cir. 2001). The
question in that case was whether the amount in controversy
could be met so as to provide federal subject-matter
jurisdiction in a case involving a class of consumers with
actual damages ranging from $ 440 to $ 1400. 236 F.3d at
1298, 1300 n.5. These damages accrued from the "fraudulent
and excessive lease rates charged by GTE" that "ranged from
$ 3 to $ 10 a month," and, like in the instant case, the
consumers brought breach-of-contract, fraud, and unjust
enrichment claims. Id. at 1300 n.5. The Eleventh Circuit
found that

> "[T]o satisfy the amount in controversy
> requirement, each class member would have
> to recover over $ 73,000 in punitive
> damages. For that to be possible, the
> class, which appears to consist of at least
> 36,000 members, would have to recover over
> $ 2.628 billion in punitive damages. That
> recovery is not possible as a matter of

10

> law, <u>see generally</u> <u>BWM of North America,</u>
> <u>Inc.  v.  Gore</u> ..., and so, diversity
> jurisdiction cannot be founded upon the
> claim for punitive damages."

<u>Id</u>. at 1304.  Obviously, the focus of the Eleventh Circuit in

the <u>Smith</u> case was the aggregate class punitive-damages

award:[2] given the large numerical nature of the class, the

potential punitive-damages award was totally out of proportion

to the alleged harm and, consequently, would violate due-

process principles.   However, this court also thinks it

salient in comparison to the individual claims asserted by

plaintiffs; because there are no aggravating circumstances in

the instant case, the ratio between punitive damages and

compensatory damages is just as egregious.

One federal court has noted that, following the decision

in <u>Gore</u>, "Alabama trial courts are now routinely ordering

remittitur in cases in which punitive damages exceed a ratio

---

2.  "The named plaintiffs state that if class
certification is denied, they will proceed in an individual
lawsuit, and in such a suit, they may realistically recover an
amount of punitive damages, especially when coupled with a
recovery of attorney's fees and the value of the requested
injunctive relief, that satisfies the amount in controversy
requirement.   Perhaps, but this suit was filed as a class
action and until the class certification is denied, we must
treat it as a class action."  <u>Smith</u>, 236 F.3d at 1304 n.12.

11

of three to one over actual damages." Arnold v. Guideone Specialty Mutual Ins. Co., 142 F.Supp.2d 1319, 1322 (N.D. Ala. 2001). The Gore decision certainly sparked a resurgence of remittiturs in the state courts, see, e.g., American Pioneer Life Ins. Co. v. Williamson, 704 So.2d 1361 (Ala. 1997) (holding that $ 2 million punitive-damages award in case involving disallowance of commissions must be reduced from 8:1 to 3:1 ratio to compensatory damages to be reasonably related to degree of reprehensibility); Talent Tree Personnel Services, Inc. v. Fleenor, 703 So.2d 917 (Ala. 1996) (holding that $ 2 million punitive-damages award in fraud case involving affirmative miscalculation of commission payments must be reduced to $ 1.5 million, an acceptable 5:1 ratio to compensatory damages of $ 300,000).

However, the real comparator cases are those involving slight economic damages and a relatively large punitive-damages award. Two examples of recent cases bearing those characteristics indicate that the 36:1 or 37:1 ratio is a strong indication of unconstitutionality in the post-Gore era. The Arnold court remanded a claim of bad-faith failure to pay an insurance claim in which plaintiffs were entitled to

12

approximately $ 1,000 actual damages and attempted to rely on a substantial punitive-damages award to meet the amount-in-controversy requirement.  142 F.Supp.2d at 1321-22.  In Tyson Foods, Inc. v. Stevens, 783 So.2d 804, 809 (Ala. 2000), the Alabama Supreme Court held that a $ 75,000 punitive-damages award in nuisance case, when jury awarded $ 2,500 in compensatory damages, a 30:1 ratio, was unreasonable and must be reduced to comply with the guarantee of due process.

### Sanctions for Comparable Misconduct

The third guidepost for excessiveness is a comparison of the punitive-damages award and the civil or criminal penalties that could be imposed for comparable misconduct.  Gore, 517 U.S. at 583, 116 S.Ct. at 1603.

A violation of the Alabama Deceptive Trade Practices Act, 1975 Ala. Code § 8-19-1 et seq., would subject defendants to a fine up to $ 2,000 per violation.[3]  A private action under that statute caps punitive damages at three times the amount

---

3.    Among other conduct, the Deceptive Trade Practices Act prohibits "Engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce."  1975 Ala. Code § 8-19-5(23).

13

of actual damages awarded. 1975 Ala. Code § 8-19-10(a)(2).
Obviously, other statutes and causes of action provide redress
for the conduct of defendants in this case, but the Deceptive
Trade Practices Act, presumably tailored with a mind to the
policies of preventing misleading business practices, provides
some context for this discussion. Given this statute, the
penalties for comparable misconduct do not indicate that a
substantial award of punitive damages is appropriate or even
constitutional for the alleged conduct in this case.


                                IV.

    The Gore guideposts therefore seem to indicate that the
amount in controversy cannot be met in this case without
transgressing due-process protections. Rightly so: if this
type of case, involving a relatively tiny amount of purely
economic, calculable harm, with no real prospect of future
harm, were found to satisfy the amount-in-controversy
requirement and thereby proceed in federal court, then almost
any claim involving fraud and the possibility of punitive
damages could do so. Clearly, that is not the way that access
to the federal forum is designed. The court therefore finds

                                14

that "[it] appear[s] to a legal certainty that the claim is really less than the jurisdictional amount," St. Paul Marcury Indemnity Co., 303 U.S. at 288-89, 58 S.Ct. at 590, and that no subject-matter jurisdiction exists in this court over this case.

Therefore, it is the ORDER, JUDGMENT, and DECREE of the court that this case is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that all motions are left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect remand.

DONE, this the 26th day of March, 2002.


_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE