IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS H. RAYBORN and EVON )
S. RAYBORN, )
  )
    Plaintiffs, )
  )
v. )   CIVIL ACTION 03-0575-WS-C
  )
PRINCIPAL EQUITY MORTGAGE, )
INC., *et al.*, )
  )
    Defendants. )

ORDER

    This matter is before the Court on defendant HomEq Servicing Corporation's ("HomEq") Motion for Additional Time to Respond to Plaintiffs' Motion to Remand, for the Purpose of Conducting Remand-Related Discovery (doc. 6) (the "Motion"). On October 2, 2003, this Court entered an Order requiring HomEq to file a response to plaintiffs' Motion to Remand on or before October 20, 2003. HomEq now seeks a 60-day enlargement of that deadline, during which HomEq intends to "propound remand-related interrogatories, requests for production and requests for admission" and "take the remand-related depositions of the Plaintiffs (if necessary)." (Motion, at 1.)

I.    **Background.**

    The Complaint reflects, and the parties agree, that this action is, at its core, a dispute between a borrower and a lender's assignee over late fees and delinquency charges relating to plaintiffs' residential mortgage loan. (Complaint, ¶¶ 14-28; Motion to Remand, ¶ 7; Motion, at 2-3.) As HomEq explains, "Plaintiffs filed the present lawsuit contending the aforementioned late fees and delinquency charges would not have been assessed if a payment grace period were applied" under a forbearance agreement between plaintiffs and HomEq. (Motion, at 3.) Originally filed in the Circuit Court of Mobile County, plaintiffs' Complaint alleges two causes of action for fraud and a third for breach of the mortgage and

EXHIBIT
A

note, all arising from HomEq's allegedly charging plaintiffs various mortgage-related fees and expenses to which plaintiffs allegedly had not agreed or with respect to which HomEq had allegedly engaged in fraudulent misrepresentations or suppressions. (Complaint, ¶¶ 19-28.) The Complaint claims both punitive and compensatory damages with respect to the fraud causes of action, as well as compensatory damages as to the breach of contract claim, but is silent as to the total amount of damages sought by plaintiffs in this action. (Id.)

On August 27, 2003, HomEq filed a Notice of Removal through which it removed this action to federal court on diversity grounds pursuant to 28 U.S.C. § 1332.[1] HomEq specifically asserted that the $75,000 amount in controversy requirement was satisfied here because plaintiffs had not specified the amount of damages sought, the value of the loan at issue was $77,200, the value of plaintiffs' home was appraised at $104,000, and the compensatory and punitive damages claimed by plaintiffs well exceeded the $75,000 threshold, based on review of purportedly similar cases. (Notice of Removal, at ¶¶ 18-22.) On September 29, 2003, plaintiffs filed a Motion to Remand, focusing on the amount in controversy requirement and alleging that HomEq had failed to make an adequate showing that said requirement was satisfied here.

II.     HomEq's Motion for Extension of Time.

HomEq seeks an extension of time to respond to the Motion to Remand for the purpose of enabling it to conduct discovery with respect to the amount in controversy. HomEq contends that such limited, remand-related discovery should be permitted for fairness reasons "[s]ince Plaintiffs have declined to admit they are not seeking more than $75,000." (Id. at 2.) Without such discovery, HomEq contends that it cannot conduct the analysis necessary to establish that plaintiffs' claims exceed the jurisdictional minimum. (Id. at 5-6.) Moreover, according to HomEq, "the Eleventh Circuit has expressly approved of post-removal petition discovery for the purpose of reviewing a plaintiff's motion to remand." (Id. at 5 (citing *Sieminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir.

---

[1]     Under 28 U.S.C. § 1332, federal courts have original jurisdiction over civil actions between citizens of different states, provided that the amount in controversy exceeds the value of $75,000, exclusive of interest and costs. *Id.*

2000).) Notwithstanding HomEq's assertions, however, this Court does not agree that principles of fairness or Eleventh Circuit precedent militate in favor of granting a 60-day preliminary discovery period in this action regarding the amount in controversy.

### A.     Preliminary Discovery is Not Warranted on Fairness Grounds.

Where an action is removed to federal court, it is incumbent on the removing defendant to establish the existence of federal jurisdiction. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11ᵗʰ Cir. 1996), *overruled on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11ᵗʰ Cir. 2000). If a Complaint does not identify the particular amount of damages sought, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Fitzgerald v. Besam Automated Entrance Systems*, 2003 WL 22136266, *4 (S.D. Ala. Sept. 15, 2003) (quoting *Tapscott*, 77 F.3d at 1357); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11ᵗʰ Cir. 2001) ("Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11ᵗʰ Cir. 2002) (similar).

In their Motion to Remand, plaintiffs argue that HomEq failed to carry its burden of establishing that the amount in controversy exceeds $75,000. (Motion to Remand, at ¶¶ 3, 8.) HomEq takes issue with plaintiffs' contentions, expressing indignance that plaintiffs do not affirmatively assert that their claims fall below the $75,000 threshold.[2] (Motion, at 2, 5, 6.) Based on the circumstance of plaintiffs' failure to make an affirmative statement regarding the amount they seek in this action, HomEq maintains that discovery is warranted based on principles of fairness. However, this contention fails for two

---

[2]     In particular, HomEq charges the plaintiffs with trying to "have their cake and eat it too," with choosing "to keep the amount of their demand a mystery," and with squandering "every opportunity to inform this Court that their claims do not meet the $75,000 threshold." (*Id.*) Thus, HomEq implies that plaintiffs are engaging in nefarious conduct by accusing HomEq of not meeting the jurisdictional threshold while failing affirmatively to assert the threshold is not met (presumably to preserve their right to claim higher damages, if appropriate, later on).

distinct reasons. First, it disregards the fact that the burden of proof on this question rests squarely on HomEq's shoulders, as the removing defendant. Simply put, plaintiffs are under no obligation to prove or allege anything about the level of damages they claim in order to defeat federal jurisdiction. Were the law otherwise, unscrupulous defendants could manipulate the removal process to "smoke out" plaintiffs' damages claims by forcing them to commit (often at an early stage of the proceedings, before the facts have been developed in discovery and perhaps before plaintiffs even know the total amount of damages in question) to capping their damages below a certain threshold in order to return even improperly removed claims to state courts. Contrary to HomEq's suggestion, no unfairness or impropriety flows from plaintiffs' failure to volunteer the total amount of damages they seek in this case.[3] The law does not impose such a burden on them.

Second, HomEq's fairness argument ignores the fact that the Motion to Remand includes revealing statements from plaintiffs about the type and manner of damages they seek, including the following passage:

> "Although there is much to learn in discovery in this case, it can be said at this point that the gravemen [sic] of Plaintiffs' fraud and contract claims, and *the damages sought, are the charges that were incurred as a result of the Defendant's failure to apply a ten-day grace period to the payments due under the forbearance agreement. Based on the breakdown of fees charged to the Rayborns provided by HomEq, the total fees charged to plaintiffs totals $1,843.95.* (See Table attached hereto as Exhibit "C"). While the fees reflected on this breakdown may not include all the fees wrongfully imposed upon the Rayborns, it certainly is with[in] a few thousand dollars of the total amount. In any case, *there is absolutely no reason to believe, based on information now available to Plaintiffs, that the total amount of improper fees would exceed $10,000.*"

(Motion to Remand, at ¶ 7 (emphasis added).) As plaintiffs indicate, attached to the Motion to Remand is an itemized list of the improper charges and fees that plaintiffs contend HomEq wrongfully

---

[3]    The Court agrees, of course, that had plaintiffs chosen to assert categorically that they were not seeking damages over $75,000, the remand issues would be clarified considerably. However, plaintiffs are not required to make such an assertion in order to extricate themselves from federal court, if HomeEq cannot meet its burden of showing by a preponderance of the evidence that the amount in controversy exists.

imposed on them, totaling $1,843.95. HomEq fails to explain in its Motion how this information is not sufficient to quantify the damages sought by plaintiffs, or why preliminary discovery is necessary at this time to clarify that information. If -- as both parties agree -- the crux of this case is allegedly improper fees and charges, then an itemized schedule of those fees and charges known to plaintiffs at this time should be quite instructive to HomEq in weighing its contention that the jurisdictional threshold is satisfied. HomEq identifies no specific categories of additional information on which it believes it reasonably requires preliminary discovery in order to formulate a response to the Motion to Remand.[4]

   B.    *Preliminary Discovery is Not Mandated by Eleventh Circuit Precedent.*

   In a further attempt to bolster its Motion, HomEq asserts that "the Eleventh Circuit has expressly approved of post-removal petition discovery for the purpose of reviewing a plaintiff's motion to remand." (Motion, at 5.) However, the case cited in support of this contention, *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945 (11th Cir. 2000), does not on its face authorize or encourage a discovery procedure of the likes sought by HomEq here. Rather, in *Sierminski*, the Eleventh Circuit reached a much more limited holding in which it adopted "a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction," even as it reiterated that it is "undoubtedly best to include all relevant evidence in the petition for removal and motion to remand." 216 F.3d at 949. Nothing in *Sierminksi* suggests that the district court stayed a remand motion for a period of months to enable the parties to conduct remand-related discovery, and nothing in the Eleventh Circuit's opinion can reasonably be read as espousing such a procedure. Likewise, HomEq's reliance on Judge Butler's recent decision in *Fitzgerald* for the proposition that "Alabama district courts have permitted jurisdictional discovery in similar situations" is unfounded. (Motion, at 5.) Upon careful review of *Fitzgerald*, the Court perceives no discussion of jurisdictional discovery therein, much less endorsement of a similar procedure to that urged by HomEq.

---

       4       Given HomEq's vague pronouncements about the kinds of information it seeks, the Court harbors reservations that authorizing such initial discovery may be tantamount to giving HomEq carte blanche to conduct a fishing expedition, to browbeat plaintiffs into "locking in" with precision damages calculations that may not be known or knowable at this stage, or to gain a strategic advantage through onerous preliminary discovery in federal court aimed at wearing down an opponent.

That said, the Court agrees that it is empowered to order discovery of the type requested by HomEq if it sees fit to do so. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (noting that if jurisdictional amount is not facially apparent from the complaint, a court "may require evidence relevant to the amount in controversy at the time the case was removed"); *Steele v. Underwriters Adjusting Co.*, 649 F. Supp. 1414 (M.D. Ala. 1986) (ordering remand-related discovery). However, this Court's authority to order discovery does not in any way lighten HomEq's burden of proving jurisdiction. *Williams*, 269 F.3d at 1319. More fundamentally, nothing in the Court's review of the cases cited by HomEq suggests that it is entitled to such remand-related discovery in a post-removal effort to meet its obligation to establish that this case properly belongs in federal court.[5]

At a somewhat higher plane of abstraction, the Court is troubled by the potential consequences of granting HomEq the relief it seeks here. To do so would effectively encourage state-court defendants to remove actions in which they cannot presently meet their burden as to the amount in controversy. Once in federal court, such defendants could seek discovery under the auspices of and subject to the rigorous procedural requirements of federal court. Such discovery might be pursued for entirely benign reasons, but might also be manipulated for the abusive purposes identified in note 4, *supra*. After weeks or months of such discovery, and the accompanying substantial expenditure of resources by both litigants and the federal court, the defendant – armed with considerable free information and the strategic benefits described *supra* – could then attempt to meet its burden and keep the case in federal court. Even if such efforts failed and the case were remanded, the defendant would

---

[5]     Additionally, HomEq's representation that the necessary discovery could be completed in 60 days appears optimistic, at best. Discovery of even the simplest factual issues often takes considerably longer than one might expect, thanks to delays in securing information, documents, and witnesses, disputes over discovery, and the like. And the damages issues raised by HomEq here may not be the simplest of issues. A far more likely scenario than the clean, no-hassle 60-day period of discovery suggested by HomEq is that the initial discovery period would drag on in this Court for several months, perhaps with judicial policing of discovery disputes, at considerable expense to the parties, all to allow HomEq to seek out a post-hoc evidentiary basis for its decision to remove this case to federal court.

be the beneficiary of discovery and strategic advantages. In the meantime, of course, the plaintiff would be prejudiced by months of costly litigation in a forum where the case did not belong, and federal courts would expend scarce resources on discovery disputes in cases that never were within the original jurisdiction of the federal courts.

In this Court's view, such a scenario is not an appropriate use of the removal procedure authorized by 28 U.S.C. § 1441. The removal statutes allow a defendant who can meet his burden of proof to remove a case. Yet HomEq would have this Court place the cart before the horse, allowing a defendant to remove a case even if it has no present reasonable basis for meeting its burden of proof, then be granted a discovery period in federal court to ferret out evidence as to whether its burden is achievable. This "remove now, ask questions later" approach is contrary to the spirit, if not the letter, of removal jurisdiction. It unnecessarily burdens federal courts and plaintiffs by allowing defendants to remove a case on a wing and a prayer, then rummage through plaintiffs' records in federal court in a post-hoc effort to justify such removal, all the while consuming federal judicial resources for cases that, perhaps, should never have been removed in the first place. The Court cannot adopt such a holding in this case.

Nor is it a reasonable rejoinder to the above to argue, as HomEq apparently does, that denial of remand-related discovery in the face of "hide-the-ball" tactics by a plaintiff as to the amount in controversy effectively strips it of the ability to remove a case. There is simply no reason why a defendant in HomEq's position cannot take discovery in state court in an effort to ascertain the amount of damages sought, then remove the case to federal court, if appropriate. Indeed, Congress sanctioned such an approach by providing that if an action is not immediately removable based on the initial pleading, a defendant may still remove it "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," within one year after the action is commenced. 28 U.S.C. § 1446(b).

III.  Conclusion.

For all of the foregoing reasons, this Court is of the opinion that HomEq should not receive a

60-day period in which to conduct remand-related discovery in this Court. That said, the Court recognizes that HomEq may have delayed working on its opposition brief to plaintiffs' Motion to Remand in anticipation that its request for additional time might be granted. Accordingly, HomEq's Motion for Additional Time is granted in part, and denied in part, as follows:

1.     HomEq's request for remand-related discovery is denied;

2.     HomEq's request for a 60-day extension of time to respond to the Motion to Remand is denied;

3.     HomEq is granted a 10-day extension of time to respond to the Motion to Remand. As such, the briefing schedule entered by the Court on October 2, 2003 is amended, such that HomEq's opposition to the Motion to Remand must be filed on or before October 30, 2003, and plaintiffs' reply brief must be filed on or before November 10, 2003.

DONE and ORDERED this 15th day of October, 2003.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARCIA PETTIS; et al.                                                PLAINTIFFS

vs.                                                                No. 4:04CV295-D-B

AMERICAN INTERNATIONAL
GROUP, INC.; et al.                                                  DEFENDANTS

ORDER DENYING MOTION FOR EXTENSION OF TIME

Presently before the court is the Defendants' motion for an extension of time to conduct remand-related discovery and respond to the Plaintiffs' pending motion to remand. Upon due consideration, the court finds that the motion should be denied; the Defendants' response to the Plaintiffs' motion shall be due on or before December 23, 2004.

The Plaintiffs in this action, which was removed to this court from the Circuit Court of Washington County, have filed a motion to remand. Rule 7.2(D) of the Uniform Local Rules provides that parties are granted ten days to respond to motions filed by the opposing party, but that extensions of time may be granted. In seeking to extend this deadline, the Defendants assert that the Plaintiffs have fraudulently joined at least one in-state defendant, and that they require additional time to respond in order to complete discovery relating to issues raised in the motion to remand.

In Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004), the United States Court of Appeals for the Fifth Circuit reiterated that the test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Regarding the procedure for district courts to utilize in determining whether a "reasonable basis" for recovery exists



in state court, the Fifth Circuit stated:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted dsoebfcbstetwolddtamiorletepprpéyofpirdrhsuhcaslekdkiotcoutmay,inisdoodonpärcetepleadrgsardomdutasummayimpiy.

Smallwood, 385 F.3d at 573. The court went on to hold that only in the rare case where the pleadings must be pierced should remand related discovery be allowed, stating that:

> [A] summary inquiry is appropriate only to identify the presence of discrete and *undisputed* facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

Id. at 574 (emphasis added).

After having reviewed the complaint and other pleadings in this matter, the court cannot conclude that this is one of the rare cases where the plaintiffs would survive a Rule 12(b)(6)-type inquiry only for it then to become necessary for the court to pierce the pleadings because the pleadings do not contain sufficient information to determine whether joinder was, in fact, proper. Thus, the court finds that the Defendants have not shown the necessity of remand-related discovery in this cause.

THEREFORE, it is hereby ORDERED that the Defendants' motion for an extension of time

(docket entry 8) is DENIED; the Defendants shall file their response to the Plaintiffs' motion to remand by December 23, 2004.

SO ORDERED, this the 6th day of December 2004.

/s/ GlenH. Davidson
Chief Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN GUILFORD, JR.,                    )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )    CIVIL ACTION NO. 2:03cv1162-A
                                       )
                                       )
CITIGROUP INC., et al.                 )
                                       )
        Defendants                     )

## ORDER

This cause is before the court on a Motion to Remand (Doc # 4), filed by the Plaintiff,

John Guilford, Jr ("Guilford"). In removing this case and opposing the Motion to Remand, the

Defendants argue that the non-diverse Defendant, Mae Gordon, has been fraudulently joined

because the claims against her are barred by the statute of limitations. As to the fraud claim

against Gordon, the Defendants argue that the Plaintiff received loan documents which

contradict the alleged oral misrepresentations over two years before he filed this lawsuit and that

those documents provide the information that the non-diverse Defendant allegedly suppressed.

Therefore, the Defendants argue that the Plaintiff's fraud claim is barred by the two year statute

of limitations for fraud, see Ala. Code § 6-2-38(l), and thus, the non-diverse Defendant has been

fraudulently joined.

The court has examined these loan documents and finds that the documents do not

directly contradict the Plaintiff's allegations to the extent that there is no possibility that the state

court could find that the fraud claim is not barred by the statute of limitations. Therefore, the

court holds that the Plaintiff has not fraudulently joined the non-diverse Defendant, and thus this


EXHIBIT
C

court does not have subject matter jurisdiction over the case. Consequently, the Plaintiff's Motion to Remand is GRANTED, and this case hereby ORDERED REMANDED to the Circuit Court of Barbour County, Alabama. The clerk is DIRECTED to take the necessary steps to effect the remand.

DONE this 14th day of June, 2004.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLINTON AND MOZELL MOORE,    )
                             )
        PLAINTIFFS,          )
                             )
v.                           )    CASE NO. 2:03-cv-1254-F
                             )
FIRST FAMILY FINANCIAL SERVICES, )
INC., et al.,                )
                             )
        DEFENDANTS.          )

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand (Doc. # 4) filed by Plaintiffs on January 15, 2004. This lawsuit was originally filed in the Circuit Court of Bullock County, Alabama. Arguing that Plaintiffs had fraudulently joined Defendant Joana Tew (hereinafter "Tew"), an Alabama resident, Defendants removed the action from state to federal court. Plaintiffs seek remand of this action contending that Tew was not fraudulently joined.[1] For the reasons set forth in this Memorandum Opinion and Order, the Court finds that the Motion to Remand is due to be GRANTED because Tew was not fraudulently joined.

Federal courts are courts of limited jurisdiction. *See, e.g.,* *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095

---

[1] Plaintiffs raised two other arguments in their motion to remand, but because of this Court's findings on the fraudulent joinder issue, the Court need not and does not reach these alternative grounds for the motion to remand.


EXHIBIT
D

(11th Cir.1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir.1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing that this a court has subject matter jurisdiction over an action. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Defendants argue that removal was proper because the Court has jurisdiction over this case due to diversity of citizenship. The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1). According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 292 F.3d 1334, 1337 (11th Cir.2002).

From the Complaint it appears that there is not complete diversity of citizenship in this case because Tew and Plaintiffs are all residents of Alabama. Defendants argue that, due to

2

the fraudulent joinder, the Court should disregard Tew's residency for purposes of diversity

jurisdiction and conclude that complete diversity between the parties exists. *See, e.g., Owens*

*v. Life Ins. Co. of Ga.*, 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003); *Bullock v. United*

*Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1247 (M.D. Ala. 2001) (("When a defendant has been

fraudulently joined, the court should disregard his or her citizenship for purposes of

determining whether a case is removable based upon diversity of citizenship."). Thus, in

order to determine whether complete diversity exists in this case, the Court must address the

issue of fraudulent joinder.

As the United States Supreme Court has long recognized, a defendant's "right to

removal cannot be defeated by a fraudulent joinder of a residential defendant having no real

connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three

situations:

> The first is when there is no possibility that the plaintiff can
> prove a cause of action against the resident (non-diverse)
> defendant[2] ... The second is when there is outright fraud in the
> plaintiff's pleading of jurisdictional facts ... [A third situation
> arises] where a diverse defendant is joined with a nondiverse
> defendant as to whom there is no joint, several or alternative
> liability and where the claims against the diverse defendant has
> no real connection to the claim against the nondiverse

---

[2]  "The plaintiff need not have a winning case against the allegedly fraudulent
defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order
for the joinder to be legitimate." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th
Cir. 1998) (emphasis in original).

defendant:

*Triggs,* 154 F.3d at 1287. A removing defendant bears the burden of proving fraudulent joinder. *See Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). This burden on the defendant is a heavy one. It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *See id.* If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court. *See Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983).[3] In other words, a motion to remand should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant." *See Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553,1561 (11th Cir. 1989).

Defendants assert only the first type of fraudulent joinder. Specifically, they argue that there is no possibility that Plaintiff can establish a cause of action against Tew. The Court has carefully reviewed the claims against Tew and the arguments of the parties, and

---

[3] It is important to note that the Court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker,* 709 F.2d 1433, 1440 (11th Cir. 1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination'. . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

it must conclude that in this case there is a possibility that the Plaintiffs can establish at least one of their causes of action against Tew. Accordingly, this Court must find that the joinder is proper and remand the case to the Circuit Court of Bullock County, Alabama.

It is hereby ORDERED as follows:

(1)    Plaintiffs' Motion to Remand (Doc. # 4) is GRANTED.

(2)    This case is REMANDED to the Circuit Court of Bullock County, Alabama.

(3)    The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this the 24th day of September, 2004.


_____ /s/ Mark E. Fuller _____
CHIEF UNITED STATES DISTRICT JUDGE

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLARA TOLBERT,                          )
                                        )
        PLAINTIFF,                      )
                                        )
v.                                      )    CASE NO. 2:04-cv-107-F
                                        )
FIRST FAMILY FINANCIAL SERVICES,        )
INC., et al.,                           )
                                        )
        DEFENDANTS.                     )

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand (Doc. # 6) filed by Plaintiff

on April 1, 2004. This lawsuit was originally filed in the Circuit Court of Bullock County,

Alabama. Arguing that Plaintiff had fraudulently joined Defendant Jennifer Hyde (hereinafter

"Hyde"), an Alabama resident, Defendants removed the action from state to federal court.

Plaintiff seeks remand of this action contending that Hyde was not fraudulently joined.[1] For

the reasons set forth in this Memorandum Opinion and Order, the Court finds that the Motion

to Remand is due to be GRANTED because Hyde was not fraudulently joined.

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095

(11th Cir.1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th

---

[1] Plaintiff raised two other arguments in their motion to remand, but because of this Court's findings on the fraudulent joinder issue, the Court need not and does not reach these alternative grounds for the motion to remand.



Cir.1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. See *Burns*, 31 F.3d at 1095.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing that this a court has subject matter jurisdiction over an action. See *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Defendants argue that removal was proper because the Court has jurisdiction over this case due to diversity of citizenship. The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. See 28 U.S.C. § 1332(a)(1). According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. See *Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 292 F.3d 1334, 1337 (11th Cir.2002).

From the Complaint it appears that there is not complete diversity of citizenship in this case because Hyde and Plaintiff are both residents of Alabama. Defendants argue that, due to the fraudulent joinder, the Court should disregard Hyde's residency for purposes of

2

diversity jurisdiction and conclude that complete diversity between the parties exists. *See, e.g., Owens v. Life Ins. Co. of Ga.*, 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1247 (M.D. Ala. 2001) (("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship."). Thus, in order to determine whether complete diversity exists in this case, the Court must address the issue of fraudulent joinder.

As the United States Supreme Court has long recognized, a defendant's "right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant[2] . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts . . . [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claims against the diverse defendant has no real connection to the claim against the nondiverse defendant.

---

[2]  "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 911th Cir. 1998) (emphasis in original).

*Triggs*, 154 F.3d at 1287.  A removing defendant bears the burden of proving fraudulent joinder.  *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). This burden on the defendant is a heavy one.  It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff.  *See id.*  If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court.  *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).[3]  In other words, a motion to remand should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant."  *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

Defendants assert only the first type of fraudulent joinder.  Specifically, they argue that there is no possibility that Plaintiff can establish a cause of action against Hyde.  The Court has carefully reviewed the claims against Hyde and the arguments of the parties, and it must conclude that in this case there is a possibility that the Plaintiff can establish at least

---

[3] It is important to note that the Court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker*, 709 F.2d 1433, 1440 (11th Cir. 1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination'... When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

one of her causes of action against Hyde. Accordingly, this Court must find that the joinder is proper and remand the case to the Circuit Court of Bullock County, Alabama.

It is hereby ORDERED as follows:

(1)     Plaintiff's Motion to Remand (Doc. # 6) is GRANTED.

(2)     This case is REMANDED to the Circuit Court of Bullock County, Alabama.

(3)     The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this the 5th day of November, 2004.


                              /s/ Mark E. Fuller
                       CHIEF UNITED STATES DISTRICT JUDGE

5

FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION FEB 12 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

JACQUELINE COX,                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    CIVIL ACTION NO. 03-T-1253-E
                                   )
FIRST FAMILY FINANCIAL SERVICES,)
INC., et al.,                      )
                                   )
        Defendants.                )

ORDER

This lawsuit, which was removed from state to federal court
based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332,
1441, is now before the court on plaintiff's motion to remand. The
court agrees with plaintiff that this case should be remanded to
state court. First, the court agrees with plaintiff that there has
not been fraudulent joinder of any resident defendant (that is,
plaintiff has colorable claims against such a defendant), Coker v.
Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v.
Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second,
the court agrees with plaintiff that there has not been fraudulent
misjoinder of any resident defendant (that is, plaintiff has
reasonably joined such a defendant with other defendants pursuant
to Rule 20 of the Federal Rules of Civil Procedure), Tapscott v. MS
Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996); see also
Wright v. Metropolitan Life Ins. Co., 74 F Supp 2d 1150 (M.D. Ala.

EOD  2/12/04


EXHIBIT
F

1999) (Thompson, J.) (the fact that the plaintiff asserted the same claims against both the resident and non-resident defendants suggested that the plaintiff may not have sought to join the resident defendant with the specific intent to defeat removal jurisdiction).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand, filed on January 15, 2004 (Doc. No. 5), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Macon County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the __12TH__ day of February, 2004.

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE