IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE MAYBERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 3:2005-CV-773 |
| AMERICAN INTERNATIONAL GROUP, INC.; et al., | ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' MOTION FOR LEAVE TO FILE A RESPONSE

**COME NOW** Defendants American General Financial Services of Alabama, Inc. (improperly designated as American General Finance Inc. in the complaint) ("American General"), as successor to American General Finance, Inc., Merit Life Insurance Company, and Yosemite Insurance Company (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and specifically preserving the right to seek arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby submit this motion for leave to file a response to Plaintiff's Opposition to Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery. In support thereof, Defendants state as follows:

1. On or about July 13, 2005, Plaintiff commenced the present action by filing a complaint against Defendants in the Circuit Court of Macon County, Alabama, CV-05-142. On or about August 11, 2005, Defendants properly removed the present action to this Court on diversity jurisdiction grounds under 28 U.S.C. § 1332(a). In their Notice of Removal,

Defendants specifically demonstrated that diversity jurisdiction exists herein because the amount in controversy exceeds $75,000 and because Brian Scalf and Morgan Foster (the "Non-Diverse Defendants"), the only non-diverse Defendants, have been fraudulently joined.

2.   On or about September 6, 2005, Plaintiff filed a Motion to Remand wherein she argued that the Non-Diverse Defendants were properly joined and that Defendants failed to show that the amount in controversy requirement had been satisfied. On or about September 22, 2005, Defendants filed a Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery ("Motion for an Extension of Time"). Therein, Defendants demonstrated that, due largely to Plaintiff's vague allegations, remand-related discovery is needed to flesh out the facts at issue and definitively show that the Non-Diverse Defendants have been fraudulently joined. On or about September 26, 2005, Plaintiff filed an opposition to Defendants' motion for an extension of time. In her opposition, Plaintiff argues that Defendants' request for additional time should be denied because it is a "fishing expedition" and a "delay tactic" that will, due to the large number of additional cases Plaintiff anticipates filing, unnecessarily burden this Court.

3.   Defendants respectfully move this Court for leave to file a response to Plaintiff's opposition so that Defendants may demonstrate that their request for remand-related discovery is not a "fishing expedition" or "delay tactic," but is designed to ascertain those facts intentionally concealed by Plaintiff that would confirm fraudulent joinder of the Non-Diverse Defendants. Defendants also need the opportunity to refute Plaintiff's claim that allowing remand-related discovery will, due to the large number of additional cases Plaintiff anticipates filing, unnecessarily burden this Court. This disingenuous argument is not grounds for denying Defendants' request to conduct remand-related discovery. Under it, Plaintiffs could always

avoid federal jurisdiction merely by filing numerous frivolous lawsuits with allegations too vague to formulate a proper response thereto.  Moreover, Plaintiff incorrectly suggests that federal courts in Mississippi somehow regret their decision to permit remand-related discovery.  Defendants cannot only refute that contention, they can illustrate that since permitting remand-related discovery, the courts in Mississippi have routinely denied the plaintiffs' motions for remand and are now in the process of summarily disposing of these baseless lawsuits.  Finally, Plaintiff's opposition relies heavily upon case law that is either entirely inapplicable to this action or is easily distinguishable from it, a fact that Defendants should be allowed to address.

**WHEREFORE**, Defendants respectfully move this Court to grant them leave to file a response to Plaintiff's Opposition to Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand, for the purpose of conducting limited remand-related discovery.

Respectfully submitted,

/s/ Matthew T. Mitchell
Robert H. Rutherford (RUT002)
David A. Elliott (ELL027)
Matthew T. Mitchell (MIT050)

Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**CERTIFICATE OF SERVICE**

     I hereby certify that on October 3, 2005, I electronically filed the foregoing Motion for Additional Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Jere L. Beasley, Thomas J. Methvin, C. Lance Gould, Thomas Julian Butler, David A. Elliott, Robert H. Rutherford, Jeffrey M. Grantham, and John Thomas Aquina Malatesta.

                                                    /s/ Matthew T. Mitchell
                                                    OF COUNSEL