IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE MAYBERRY, | * |
| | * |
|    Plaintiff, | * |
| | * |
| vs. | *CIVILCASE NO. 3:2005-CV-773 |
| | * |
| AMERICAN INTERNATIONAL | * |
| GROUP, INC; et al., | * |
| | * |
|    Defendants. | * |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO REMAND**

Plaintiff, for the reasons set forth below, urges this Honorable Court to remand this Action to the Circuit Court of Macon County, Alabama.

**INTRODUCTION**

Plaintiff instituted this state court action against Defendants American International Group, Inc., American General Corporation, American General Finance, Inc., American General Financial Services of Alabama, Inc., Merit Life Insurance Company, Yosemite Insurance Company, and individual Defendants Brian Scalf and Morgan Foster when the Complaint was filed in the Circuit Court of Macon County, Alabama. Plaintiff could not have originally filed this action in federal court, because Plaintiff and Defendants Brian Scalf and Morgan Foster ("Resident Defendant") are citizens of Alabama.

**A. Fraudulent Joinder**

Defendants contend that Plaintiff's claims fail as a matter of law against the Resident Defendants because Plaintiff signed loan documents that contain language at odds with the

1

alleged oral statements. Plaintiff alleges that the Resident Defendants represented to Plaintiff that if she purchased credit insurance her credit score/rating would be better and that she stood a better chance of getting approved for the loan and that if she refinanced her previous loan into a single loan that would be the best way for her to save money. (See Complaint ¶¶ 14 and 16). Tthe documents provided by Defendants do not contradict the misrepresentations alleged in the Complaint. Nowhere in the documents does it state that purchasing credit insurance would not affect her credit score/rating nor improve her chances of getting approved for the loan. Additionally, the documents provided by Defendants do not state that Plaintiff would not save money if she refinanced her previous loan into a single loan. Therefore, Plaintiff's reliance on the misrepresentations was reasonable.

Next, there is nothing in Defendants' claims of fraudulent joinder that is unique or specific to the Resident Defendants. It appears that what Defendants are really trying to show is that Plaintiff has no claims against any Defendant, not just the resident Defendants. As such, the claim of "fraudulent joinder" of a specific Defendant is inappropriate. This is always true when the defenses being cited are really applicable to all defendants.

The Fifth Circuit addressed this exact issue in <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568, 574 (5th Cir. 2004). In <u>Smallwood</u>, the full Fifth Circuit recognized that when the basis for fraudulent joinder is really an attack on the merits of the entire case, it is not appropriate to just single out treatment of one, or just a few defendants. More particularly, the Court explained that:

> Rather, the basis of its contention that Smallwood could not recover went, in fact, to the entire case, although it was first directed to Smallwood's claims against MDOT. Then, with jurisdiction secured, and with all the force of the "law of the case," this same preemption was directed to the merits of Smallwood's claims against the railroad. A claim of improper joinder by definition is directed toward

2

the joinder of the in-state party, a simple but easily obscured concept. The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper. Nevertheless, when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident Defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such--an allegation that, as phrased by the Supreme Court in Chesapeake & O.R. Co. v. Cockrell, "the plaintiff's case [is] ill founded as to all the defendants." In reaching this conclusion, we are applying our traditional improper joinder analysis.

Id. (internal citations omitted). The instant action presents essentially the same issue. Therefore, since a claim of fraudulent joinder is improper, this case is due to be remanded to the Circuit Court of Macon County, Alabama.

### B. Amount in Controversy

Defendants have the burden to prove that federal jurisdiction exists. Defendants are required to show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996). Defendants have offered this Court nothing more than conjecture and have not made an evidentiary showing or establish facts from which this Court may conclude that Defendants have meet their burden.

In looking at the evidence before the Court, it is highly unlikely that Defendants could ever prove that the jurisdictional minimum will be met. As previously stated, Plaintiff's complaint mainly concerns the purchase of credit insurance issued in conjunction with her consumer loans. For example, the cost of insurance on the October 22, 2004, loan is: credit life - $8.77; credit disability - $38.10 and Merit L.I.F.E. Plus - $150.00. The total amount of premiums on the October 22, 2004, loan is $196.87. (Attached as Exhibit "A"). This amount is

insufficient to trigger federal jurisdiction. Defendants have not offered this Court a more reasonable assessment of damages and/or why Plaintiff should be able to claim "out-of-pocket" damages in an amount that would trigger federal jurisdiction.

Additionally, Defendants appear to assert that since Plaintiff requests punitive damages, this fact alone is sufficient to reach the jurisdictional threshold of the Court. However, on this important point, Defendants cannot offer any authority to suggest that a request for punitive damages, standing alone, is sufficient to create federal jurisdiction.

Under recent Supreme Court authority, Plaintiff does not believe that Defendants can make the requisite showing that any punitive award offered in this case would be in excess of $75,000, and still be constitutionally permissible. Obviously, any relevant discussion of punitive damage awards must be filtered through the due process protections guaranteed in State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408, 425, 123 S. Ct. 1513, 1524, 155 L.Ed.2d 585 (2003), and its antecedents.

In State Farm, the United States Supreme Court set out rigid guidelines, including explicit ratios to be used when awarding punitive damages. Specifically, the High Court said that ratios "demonstrate what should be obvious: single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution." Id. at 425. Similarly, when an award of punitive damages has been rendered, it will only be upheld if it is reasonable. BMW of North America v. Gore, 517 U.S. 559, 574-75, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). An award will only be considered reasonable if it is based upon,

> (1) the degree or reprehensibility of the defendant's misconduct,
> (2) the disparity between the harm (or potential harm) suffered by the plaintiff and the punitive damages award, and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 440 (2001) (citing BMW of North America v. Gore, 517 U.S. 559, 574-75, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996)).

In the instant action, on the October 22, 2004, loan Plaintiff has suffered out-of-pocket damages approaching $196.87. Based upon this dollar amount, even if Plaintiff did receive a punitive award, the constitutional due process protections would probably not allow an award to exceed $1,771.83 ($196.87 x a multiplier of 9). The aggregate award in this instance, including punitive and out-of-pocket damages, would be $1,968.70. This figure is a far cry from the amount required for diversity jurisdiction. Because Defendants have not met their burden in providing sufficient evidence on this threshold issue, this case should be remanded back to the Circuit Court of Macon County, Alabama from which it was removed.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully urges this Court to remand this action to the Circuit Court of Macon County, Alabama.

Respectfully submitted this the 6th day of October, 2005.

/s/ C. Lance Gould
C. LANCE GOULD (GOU007)
Attorney for Plaintiff


**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Counsel of record as listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the 6th day of October, 2005.

/s/ C. Lance Gould
OF COUNSEL

**Attorney for Defendants American International Group, Inc. and American General Corporation:**

Jeffrey M. Grantham
John Thomas Aquina Malatesta, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999
Email: jgrantham@mcglaw.com
Email: jmalatesta@maynardcooper.com

**Attorneys for Defendants American General Financial Services, Inc.; American General Financial Services of Alabama, Inc..; Merit Life Insurance Co.; and Yosemite Insurance Company:**

David Elliott
Robert H. Rutherford
Matthew T. Mitchell
BURR & FORMAN LLP
Suite 3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203
Tel:   205-251-3000
Fax:   205-458-5100
Email: delliott@burr.com

# AMERICAN GENERAL FINANCIAL SERVICES

## INSURANCE DISCLOSURE SUMMARY

Borrower Name and Address:

STEPHANIE R MAYBERRY
50107 REDWOOD DR APT 4
TUSKEGEE, AL 36083

Branch Number: 1702
Loan Number: 30789515
Date: 10/22/04
MONTH/DAY/YEAR

I WANT TO PURCHASE THE INSURANCE/OTHER PRODUCTS NOTED BELOW AND HAVE THE PREMIUM/FEE FINANCED AS PART OF MY LOAN. I FULLY UNDERSTAND THAT I DO NOT HAVE TO PURCHASE ANY OF THE FOLLOWING INSURANCE/OTHER PRODUCTS TO OBTAIN MY LOAN.

| INSURANCE PRODUCT | INSURED(S) | PREMIUM |
|---|---|---|
| Credit Life | STEPHANIE R MAYBERRY | $ 8.77 |
| Credit Disability | STEPHANIE R MAYBERRY | $ 38.10 |
| Credit Involuntary Unemployment | | $ NONE |
| Credit Personal Property | | $ NONE |
| MERIT L.I.F.E. PLUS | STEPHANIE R MAYBERRY | $ 150.00 |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

| OTHER PRODUCTS | MEMBER(S) | PLAN FEE |
|---|---|---|
| | | $ |
| | | $ |

I understand that I will have thirty (30) days from the time I receive my certificate/policy to cancel my coverage and receive a full premium refund. I understand that I may also cancel my coverage after this 30-day period and receive a refund of unearned premium. I may cancel my coverage by submitting a signed and dated written request to cancel, along with the insurance certificate/policy (if available) to the office servicing my loan or to the insurance company. I also understand I may cancel any other product(s) by returning all forms and materials to that company and receive a refund of any unearned fee.

**NON CREDIT INSURANCE:** I understand that any claims for benefits will be paid to me or my beneficiary and will not be paid to the lender.

Please read your policy/certificate for applicable benefits, restrictions and limitations.

INSURANCE SALESPERSON:

_____ (Signature)

AP5-834 (License Number)

BORROWER: _____ (Signature)

CO-BORROWER: _____ (Signature)

Insurance Salesperson must sign in the presence of the Borrower and must personally explain the insurance coverage to the Borrower.

American General
Insurance Compliance Services
601 NW 2nd Street, P.O. Box 159
Evansville, IN 47701-0159
Telephone: 1-800-325-2147 Ext 5232    Telefax: (812) 461-2852

UNQ1A1 (9-5-04) Insurance Disclosure Summary - Single Premium



EXHIBIT A