IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

STEPHANIE MAYBERRY,              )
                                 )
             Plaintiff,          )
vs.                              )        CIVIL ACTION NO. 3:05CV773-WHA
                                 )                 (WO)
AMERICAN INTERNATIONAL           )
GROUP, INC., et al.,             )
                                 )
             Defendants.         )

## MEMORANDUM OPINION

## I.  INTRODUCTION

This cause is before the court on a Motion to Remand filed by the Plaintiff, Stephanie

Mayberry, on September 6, 2005 (Doc. #13) and a Motion for Additional Time to Respond to

Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery filed by

the Defendants on September 22, 2005 (Doc. #16).

The Plaintiff originally filed her Complaint in this case in the Circuit Count of Macon

County, Alabama. The Plaintiff has asserted claims for fraud (Count One), negligent and/or

wanton hiring, training, or supervision (Count Two), breach of fiduciary duty (Count Three), and

negligent or wanton misrepresentation (Count Four).

American General Financial Services of Alabama, Inc. filed a Notice of Removal, stating

that diversity subject matter exists in this case because the only non-diverse Defendants, Brian

Scalf and Morgan Foster, have been fraudulently joined.

For reasons to be discussed, the Motion to Remand is due to be GRANTED and the

Motion for Additional Time to Respond to Plaintiff's Motion to Remand for the Purpose of

conducting Remand-Related Discovery is due to be DENIED.

## II.  REMAND STANDARD

Federal courts are courts of limited jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994); Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir. 1994); Wymbs v. Republican State Executive Committee, 719 F.2d 1072, 1076 (11th Cir. 1983), cert. denied, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  See Kokkonen, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  See Burns, 31 F.3d at 1095.

## III.  FACTS

The facts alleged in the Complaint, as they pertain to the Motion to Remand, are as follows:

The Plaintiff, Mayberry, a citizen of the State of Alabama, entered into several loans with the Defendants in or about the year 2004.  Defendants Brian Scalf and Morgan Foster, who also are citizens of the State of Alabama, made representations to Mayberry during these transactions. Mayberry alleges that the following representations were made by Brian Scalf and Morgan Foster: that if Mayberry purchased the credit insurance offered to her, her score/rating would be better and she stood a better chance of getting the loan she requested; that if Mayberry paid off her other debts and consolidated them with the loan, she would save money; that the best way to save money would be to refinance previous loans into a single loan and Defendants refused to allow Mayberry to have a separate loan; and that credit insurance was a good deal and offered great value and protection.  Mayberry alleges that these representations were fraudulent.

## IV.  <u>DISCUSSION</u>

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. <u>See</u> 28 U.S.C. § 1332(a)(1).  The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met.  <u>Id.</u>  To satisfy diversity, not only must a plaintiff  be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. <u>See</u> <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806).  Because of the complete diversity requirement for subject matter jurisdiction based on diversity of citizenship, a plaintiff may prevent removal simply by joining a defendant who shares the same state citizenship as the plaintiff.  The filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal is called a "fraudulent joinder."  Courts may disregard the citizenship of fraudulently joined defendants when assessing the existence of complete diversity.  <u>See</u> <u>Tedder v. F.M.C. Corp.</u>, 590 F.2d 115, 117 (5th Cir. 1979)[1]; <u>see also</u> <u>Thomas v. Jim Walter Homes, Inc.</u>, 918 F. Supp. 1498 (M.D. Ala. 1996).

The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the

---

[1]  In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. Nov. 1981)(<u>en banc</u>), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant.  See Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998).

The burden of proving fraudulent joinder rests with the Defendants as the removing parties. See Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).  A claim of fraudulent joinder must be supported by clear and convincing evidence. See Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962), cert. denied, 376 U.S. 949 (1964).  In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff.  See Crowe, 113 F.3d at 1538.  In fact, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . ." Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

In this case, the Defendants argue that there is no possibility that the Plaintiff can establish a cause of action against either one of the non-diverse Defendants in state court. With respect to the fraud claims, the Defendants argue that because the Plaintiff cannot establish reasonable reliance in support of her fraud claims, the non-diverse Defendants have been fraudulently joined.

Recovery under a fraud theory in Alabama requires a showing that the plaintiff reasonably relied on alleged misrepresentations.  Foremost Ins. Co. v. Parham, 693 So. 2d 409, 417, 421-422 (Ala.1997).  "[F]raud or misrepresentation cannot be predicated upon a verbal statement made before execution of a written contract when a provision in that contract

contradicts the verbal statement." Tyler v. Equitable Life Assur. Soc. of U.S., 512 So. 2d 55, 57 (Ala.1987).

The Defendants in this case argue, citing to Plaintiff's loan documents, that the documents disclose all of the relevant financial terms so that she could have ascertained whether refinancing prior loans and consolidating existing debt was in her best interest. They also argue that the premiums for insurance products were disclosed so that she could ascertain whether the product was a good deal. Finally, the Defendants point to provisions in the loan documents which state that credit life, disability, or involuntary unemployment insurance is not required to obtain credit; that the borrower cannot be denied credit simply because she chooses not to buy credit insurance; and that she understands that she does not have to purchase insurance to obtain her loan. The Defendants argue, therefore, that any reliance on representations contradicted by the documents is unreasonable as a matter of law.

The Plaintiff contends that she has no training in financial matters, had no reason to suspect that the Defendants had misrepresented the true nature of the loan and insurance transactions, and that the loan documents do not contradict representations made by the Defendants so that the Plaintiff could have discovered the misrepresentations by reading the loan documents. Specifically with respect to the loan disclosures cited by the Defendants, the Plaintiff argues that these provisions do not contradict the representations that if she purchased the credit insurance offered to her, her score/rating would be better and she stood a better chance of getting the loan she requested or the representation that the best way to save money would be to refinance previous loans into a single loan.

The court has reviewed the allegations of the Complaint and the loan documents submitted by the Defendants.  Particularly with regard to the alleged representation that if the Plaintiff purchased credit insurance, her score/rating would be better and she stood a better chance of getting the loan she requested, the court agrees that there is a possibility that a state court would find that the disclosures in the loan documents do not contradict the alleged representation.

The Defendants also have pointed to a decision from a state court, <u>American Gen. Fin., Inc. v. Quarles, et al.</u>, Case No. CV-04-380, apparently offering this opinion as proof that there is no possibility that the Plaintiff in this case can establish a claim in state court. The alleged misrepresentations as discussed in the <u>Quarles</u> opinion, however, include a representation that the borrowers were required to purchase insurance to obtain loans. Slip Op. at p. 13.

There is no allegation in the instant case that a representation was made that credit life insurance was required for the loan.  Therefore, this court cannot conclude that the <u>Quarles</u> opinion establishes that there is no possibility Mayberry will be able to establish a fraud claim in state court, because the documents at issue here arguably do not clearly contradict the representations alleged in the Complaint.

Given the Eleventh Circuit policy favoring remand of removed cases where federal jurisdiction is not absolutely clear,  <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994), and the standard applicable in the fraudulent joinder context, this court cannot conclude that there is no possibility the Plaintiff could establish a fraud claim against the non-

diverse Defendants in state court.[2]  Because the Defendants have failed to show that the non-diverse Defendants have been fraudulently joined, the Motion to Remand is due to be GRANTED.[3]

## V.  CONCLUSION

For the reasons discussed, the court concludes that the Motion to Remand (Doc. #13) is due to be GRANTED.  The Motion for Additional Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery (Doc. #16) is due to be DENIED.  A separate Order will be entered in accordance with this Memorandum Opinion.

DONE this 9th day of February, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Therefore, it is not necessary for the court to address the possible application of the so-called "common defense rule" referenced by the Plaintiff, or whether the requisite amount in controversy is present in this case.

[3] The Motion for Additional Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery is due to be DENIED.  The Defendants have argued that a statement in the loan document that credit life insurance is optional contradicts any representations to the contrary, and that they must conduct discovery to establish when the Plaintiff received the loan documents and to discover the exact representations she has alleged. As stated above, however, the court has concluded that there is a possibility a state court would not find that the representations as alleged are contradicted by the documents. The motion for discovery also is due to be DENIED to the extent it seeks discovery on the amount in controversy because, as stated above, there is no need to reach the amount in controversy issue in this case.